FOSTER-THOMPSON LUMBER COMPANY *v.* BRIGHAM.

Opinion delivered April 23, 1928.

*McKay & Smith,* for appellant.
*Wade Kitchens,* for appellee.

KIRBY, J., (after stating the facts). Appellant urges that the decree should be reversed, not being supported by the evidence, and this contention must be sustained.

The undisputed testimony shows the clause, "$50 per year for extension until cut," was not in the draft of the timber deed to Drake and Harper, under which Brigham claims, when prepared for execution, and one of the grantees testified he wrote it in at the direction of the grantor, Atkins, before it was signed by him. Atkins denied, however, that there was any such agreement, and that the deed when executed by him contained said clause. It was a material change in the terms of the instrument, and, the alteration appearing on the face of it, the burden of explaining such alteration was on the party claiming under the instrument. This burden could not be discharged by the testimony alone of one of the members of the partnership grantee, that the alteration was interlined by him at the suggestion of the grantor before signature, when the grantor denied not only that any such agreement was made but also stated that the instrument did not contain the interlined clause when it was executed by him. Neither the scrivener who prepared the deed for execution nor the officer who took the acknowledgment thereto testified in the case. The grantor, immediately upon the expiration of the time allowed for removal of the timber in the original deed, made a new conveyance of it to the appellant company, such action being consistent with his statement that the alteration in the deed was unauthorized by him, and the preponderance of the testimony did not support the claim of a tender having been made of the amount necessary to extend the term for another year for removal of the timber, as provided in the interlined alteration.

The chancellor's findings to the contrary are clearly against the preponderance of the testimony, and the decree will be reversed, and the cause remanded with directions to make permanent the temporary injunction granted. It is so ordered.